IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ATAUYO UMONDAK, § § Petitioner, § § V. § § No. 3:12-cv-3751-M-BN WILLIAM STEPHENS, Director § Texas Department of Criminal Justice, § Correctional Institutions Division, § § Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Atauyo Umondak, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

**Background**

Petitioner was charged with possession of cocaine with intent to deliver by a Dallas County grand jury. Petitioner entered an open plea of guilty to the offense and was sentenced to 15 years imprisonment. Petitioner did not file a direct appeal. Instead, Petitioner filed an application for state post-conviction relief. The application was denied without written order on the findings of the trial court. *See Ex parte Umondak*, WR-74,452-03 (Tex. Crim. App. Feb. 15, 2012).

Petitioner then filed this action in federal district court. In three grounds for relief, Petitioner contends that: (1) his guilty plea was involuntary; (2) his arrest and

-1-

eventual conviction were the result of perjured statements by a complaining witness; and (3) he received ineffective assistance of counsel. Petitioner also appears to fault the conduct of the state trial court and "Writ Master" in considering his habeas application.

The Court ordered Respondent to submit a preliminary response on the issue of limitations. *See* Dkt. No. 7. After reviewing Respondent's answer and Petitioner's reply, the Court elected to carry for appropriate disposition Respondent's limitations defense and ordered Respondent to submit an answer on the merits. *See* Dkt. Nos. 9, 10, & 11.

**Legal Standards**

Where, as here, a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004). A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."

*Williams v. Taylor*, 529 U.S. 362, 413 (2000). The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Harrington v. Richter*, 131 S. Ct. 770, 784 (2011) ("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning").

## Analysis

"Given that limitations is not jurisdictional, it follows that the Court is not required to address it prior to denying relief on the merits." *Coker v. Thaler,* 670 F. Supp.2d 541, 546 (N.D. Tex. 2009). Respondent urges the Court to find Petitioner's application for habeas relief barred by the Antiterrorism and Effective Death Penalty Act's statute of limitations. *See* Dkt. No. 9; *see also* Dkt. No. 12 at 4-9. The Court need not decide this procedural issue because Petitioner is not entitled to federal habeas relief in any event.

<u>Allegedly Involuntary Guilty Plea</u>

Petitioner challenges his guilty plea's validity. A guilty plea is valid only if entered voluntarily, knowingly, and intelligently, "with sufficient awareness of the

relevant circumstances and likely consequences." *Bradshaw v. Stumpf,* 545 U.S. 175, 183 (2005). A plea is intelligently made when the defendant has "real notice of the true nature of the charge against him." *Bousley v. United States,* 523 U.S. 614, 618 (1998) (internal quotation marks omitted). A plea is "voluntary" if it does not result from force, threats, improper promises, misrepresentations, or coercion. *See United States v. Amaya,* 111 F.3d 386, 389 (5th Cir. 1997). The United States Court of Appeals for the Fifth Circuit has identified three core concerns in a guilty plea proceeding: (1) the absence of coercion; (2) the defendant's full understanding of the charges; and (3) the defendant's realistic appreciation of the consequences of the plea. *See United States v. Gracia,* 983 F.2d 625, 627-28 (5th Cir. 1993). These core concerns are addressed by the admonishments contained in article 26.13 of the Texas Code of Criminal Procedure. *See, e.g.*, *Ojena v. Thaler*, No. 3:10-cv-2601-P-BD, 2011 WL 4048514, at *1 & n.1 (N.D. Tex. Aug. 25, 2011), *rec. adopted*, 2011 WL 4056162 (N.D. Tex. Sept. 12, 2011).

Prior to trial, Petitioner agreed to plead guilty to possession of cocaine with intent to deliver. *See Ex parte Umondak*, WR-74,452-03, Tr. at 68-69. Petitioner, his attorney, and the prosecutor signed a written plea agreement. *See id.* at 69. The agreement disclosed that the range of punishment for possession with intent to deliver between four and 200 grams of cocaine, a first degree felony enhanced by a prior felony conviction of aggravated robbery with a deadly weapon, was between 15 and 99 years, or life, in prison, and a fine not to exceed $10,000. *See id.* at 68. As part of the plea agreement, Petitioner waived the full panoply of his constitutional rights, including his right to a jury trial, his right to confront and cross-examine witnesses, his right to a

-4-

speedy trial, and his privilege against self-incrimination. *See id.* at 68-69. By signing the plea agreement, Petitioner acknowledged that "my attorney has explained to me, and I have read and I understand, all the foregoing admonitions and warnings regarding my rights and my plea, and that my statements and waivers are knowingly, freely, and voluntarily made with full understanding of the consequences." *Id.* at 69. These representations by a defendant during plea proceedings carry a strong presumption of verity. *See Blackledge v. Allison,* 431 U.S. 63, 74 (1977); *see also Hobbs v. Blackburn,* 752 F.2d 1079, 1081 (5th Cir. 1985) (official documents, such as a written plea agreement, "are entitled to a presumption of regularity and are accorded great evidentiary weight").

In an attempt to overcome this presumption, Petitioner asserts that his guilty plea was involuntary because his defense counsel sent him a letter that led him to believe that he would receive a sentence of probation. *See* Dkt. No. 3 at 7; Dkt. No. 5 at 24-25. However, the plea agreement expressly discloses that the offense of conviction, enhanced by Petitioner's prior conviction, carries a range of imprisonment of between 15 and 99 years, or life, imprisonment. *See Ex parte Umondak*, WR-74,452-03, Tr. at 68. Petitioner does not allege – and there is no evidence to support – that his attorney <u>guaranteed</u> that he would receive a sentence of probation. *See, e.g.*, *Harmason v. Smith,* 888 F.2d 1527, 1532 (5th Cir. 1989) (only an actual promise by counsel that a lesser sentence will be imposed, as opposed to an erroneous prediction of leniency, renders a guilty plea involuntary). Instead, Petitioner simply claims that his attorney's statement that "he had talked to Petitioner's 'probation officer'" led him to believe that

"he was receiving probation and going before the judge was just a formality." Dkt. No. 5 at 24; *see also* Dkt. No. 14 at 7. Petitioner's conclusory allegations that his plea was involuntary do not merit habeas relief. *See Ross v. Estelle,* 694 F.2d 1008, 1012 (5th Cir. 1983).

Petitioner has failed to rebut the state habeas court's findings that he "has not overcome the evidence of his free and voluntary guilty plea in the trial record – specifically the written plea agreement document showing that Applicant pleaded guilty in an open plea in which Applicant stated that he was pleading guilty freely and voluntarily." *Ex parte Umondak*, WR-74,452-03, Tr. at 53. Accordingly, this claim should be denied.

Challenges to Petitioner's Stop and Arrest

Petitioner alleges that the affidavits supporting his arrest warrant contain materially false information – that he was an "ex-student" of the University of Texas at Dallas and that he committed a traffic violation – and that there are "factual discrepancies" that undermine the credibility of the affiants. *See* Dkt. No. 3 at 6; Dkt. No. 5 at 6-14.

A voluntary guilty plea waives all non-jurisdictional defects in a criminal proceeding that do not affect the voluntariness of the plea itself. *See Tollett v. Henderson,* 411 U.S. 258, 265-66 (1973); *see also United States v. Jennings,* 891 F.2d 93, 95 (5th Cir. 1989). This includes claims that an arrest was made without probable cause or based upon perjured statements. *See United States v. Davis,* 608 F.2d 555, 557 (5th Cir. 1979) (a guilty plea waives any subsequent claim of perjured testimony

because such a claim is not jurisdictional in nature); *McMillin v. Beto*, 447 F.2d 453, 454 (5th Cir. 1971) (claim of lack of probable cause for arrest is a non-jurisdictional defect waived by a valid guilty plea).

Petitioner contends that his claims are not barred by his guilty plea because he never forfeited the right to judicial review of any pre-plea constitutional violations. *See* Dkt. No. 14 at 9-10. He relies on *Gibson v. Klevenhagen,* 777 F.2d 1056, 1058-59 (5th Cir. 1985), to argue that his claims are proper because the trial court gave him the right to appeal his conviction despite the guilty plea. *See* Dkt. No. 14 at 9-10. However, *Gibson* interprets and applies *Lefkowitz v. Newsome,* 420 U.S. 283, 290 (1975), which held that "a conditional guilty plea premised on the understanding that constitutional claims will be litigated further carries with it a guarantee that judicial review of the constitutional claims will continue to be available to the defendant and the defendant is not foreclosed from pursuing those constitutional claims in a federal habeas proceeding." *United States v. Glomb,* 877 F.2d 1, 2 (5th Cir. 1989). Here, Petitioner's guilty plea was not conditional in any manner – in fact, it was an open plea of guilt. Even if *Gibson* stood for the proposition that a written pretrial motion preserves for collateral review non-jurisdictional error committed prior to a guilty plea, Petitioner concedes that none of these claims were raised by motion. *See* Dkt. No. 5 at 20.

The state habeas court also found that his claims of perjured evidence were procedurally barred and without merit. Initially, Petitioner's claim that the affidavit supporting his arrest warrant contained perjury was not raised on direct appeal and is therefore barred from collateral review. *See Ex parte Umondak*, WR-74,452-03, Tr.

at 46. Under Texas law, claims that could have been raised on direct appeal, but are presented for the first time on state collateral review, are procedurally defaulted. *See Ex parte Gardner,* 959 S.W.2d 189, 199 (Tex. Crim. App. 1996). The Fifth Circuit has held that "'the *Gardner* rule set forth an adequate state ground capable of barring federal habeas review.'" *Aguilar v. Dretke,* 428 F.3d 526, 535 (5th Cir. 2005) (quoting *Busby*, 359 F.3d at 719). Petitioner has failed to establish cause and actual prejudice for his default or that failure to consider the claim will result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

In addition, the habeas court concluded that Petitioner's challenge to the affidavit testimony, which essentially calls into question his stop and arrest, was without merit. *See Ex parte Umondak,* WR-74,452-03, Tr. at 47. That court concluded that Petitioner "does not establish that there was any deliberate or reckless falsehood in the affidavit for his arrest warrant and has not overcome the presumption of validity of the arrest warrant." *See Ex parte Umondak*, WR-74,452-03, Tr. at 47. The court found that whether Petitioner was an ex-student and whether the officers discovered cash in his bag was irrelevant to his arrest for driving with a suspended license. *See id*. Petitioner has failed to establish that the state habeas court's determination of this issue was based on an unreasonable application of United States Supreme Court precedent or was an unreasonable determination of the facts in light of the evidence. Accordingly, the claim should be denied.

<u>Ineffective Assistance of Counsel</u>

The Sixth Amendment to the United States Constitution guarantees a defendant

reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980). To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011). First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 687-88. To be cognizable under *Strickland*, trial counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance. *See id.* at 687, 692. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

> [B]ecause of the risk that hindsight bias will cloud a court's review of counsel's trial strategy, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."

*Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) (quoting *Strickland,* 466 U.S. at 689), *cert. denied,* 133 S. Ct. 1584 (2013). And, to demonstrate prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. "The likelihood of a different result must be substantial, not just

conceivable." *Harrington,* 131 S. Ct. at 792.

"In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012). That is, a petitioner must prove both deficient performance and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Petitioner's claims of ineffective assistance of counsel were waived by his valid guilty plea. Claims of ineffective assistance of counsel are waived by a voluntary and intelligent guilty plea "except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir. 1983). Petitioner's basic allegations – that his lawyer should have taken further steps to establish that the complainant made a false statement regarding his status as an "ex-student" and that the arresting officer falsely accused him of committing a traffic violation – do not implicate the voluntariness of his plea. Petitioner's claims related to his attorney's failure to bring the false statements to the trial court's attention through "adversarial testing" or pretrial motions – none of which implicate the voluntariness of his pleas – are therefore barred. *See Smith,* 711 F.2d at 682 (claims of ineffective assistance based on alleged failure to review evidence, failure to investigate witnesses or the legality of petitioner's arrest, and failure to find "holes" in prosecution case were non-jurisdictional and waived by valid guilty plea)*; see also, e.g.*, *Wisener v. Thaler*, No. 4:09-cv-359-Y, 2010 WL 546738, at *4 (N.D. Tex. Feb. 17, 2010)


("[T]o the extent [Petitioner] complains that he is innocent of the charged offense…, that there was insufficient evidence to support his conviction, and that trial counsel failed to conduct an independent investigation into the facts of his case, to file pretrial motions, and to interview key state witnesses on his behalf, matters unrelated to the voluntariness of his plea, the claims are nonjurisdictional and are waived by the plea.") (citing *United States v. Broce,* 488 U.S. 563, 573-74 (1989)); *Walker v. Thaler*, No. 4:11-cv-776-A, 2012 WL 426639, at *6 (N.D. Tex. Feb. 10, 2012) (same as to claims that counsel "failed to familiarize himself with the law of the case, investigate the prior felonies used to enhance petitioner's sentence, and file pretrial motions").

In addition, the state habeas court found the challenges to defense counsel's pre-plea conduct to be without merit. That court found the issues related to the arrest warrant affidavit were irrelevant to Petitioner's arrest and conviction for driving with a suspended license and possession of a controlled substance. *See Ex parte Umondak*, WR-74,452-03, Tr. at 51. The state habeas court also credited defense counsel's affidavit testimony documenting his thorough investigation of the case, advice to Petitioner, and reasonable determination to not file a pre-trial motion challenging the traffic stop. *See id.* at 51 & 53. Therefore, the court found that Petitioner "has failed to show that there is a reasonable probability that, but for the alleged acts of misconduct, the result of the proceeding would have been different. Therefore, he has failed to carry his burden under both prongs of *Strickland.*" *Id.* at 53. Petitioner has not established that this determination was unreasonable.

To the extent that Petitioner claims that his lawyer was ineffective for

compelling an involuntary guilty plea by intimating that Petitioner would receive probation, that claim is conclusory and contradicted by his plea agreement. Further, where, as here, the state court adjudicated an ineffective-assistance claim on the merits, this Court must review Petitioner's claim under the doubly deferential standards of both *Strickland* and Section 2254(d). In such cases, the "pivotal question" for this Court is not "whether defense counsel's performance fell below *Strickland*'s standard," it is "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington,* 131 S. Ct. at 785. Here, the state court determined that Petitioner's allegations against his counsel are "refuted by the record and without merit" and that counsel was not ineffective for failing to challenge his stop and arrest because Petitioner "was arrested for driving while his license was suspended and then for the drugs discovered in the bag in his vehicle in the search incident to his lawful arrest, such that, if there were any issues involving the arrest warrant affidavit generated thereafter, they were irrelevant." *Ex parte Umondak*, WR-74,452-03, Tr. at 50-51. The state habeas court concluded that

> Applicant fails to prove that trial counsel acted in any deficient manner or did anything that prejudiced Applicant's defense. Thus, Applicant has failed to show that there is a reasonable probability that, but for the alleged acts of misconduct, the result of the proceeding would have been different. Therefore, he has failed to carry his burden under both prongs of *Strickland*. Moreover, Applicant does not show that trial counsel's assistance caused his plea to be unknowing or involuntary.

*Id.* at 53 (citation omitted). Petitioner has failed to rebut the state habeas court's findings regarding his allegations of ineffective assistance.

<u>State Habeas Petitions</u>

Petitioner argues in his petition and brief that he was denied due process in connection with his state habeas proceeding by unreasonable delay by the "Writ Master" and the denial of an evidentiary hearing. *See* Dkt. No. 5 at 15-16. The Fifth Circuit has repeatedly held that defects in a state habeas proceeding are not cognizable under 28 U.S.C. § 2254. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001) (citing cases). "That is because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself." *Id.* at 320. To the extent that Petitioner seeks federal habeas relief on that ground, his claims are precluded by Fifth Circuit precedent.

Petitioner has failed to establish that the state habeas court's determination was unreasonable by showing that his defense attorney was deficient or that he was denied any other constitutional rights with regard to his conviction or sentence. Accordingly, his Section 2254 petition should be denied.

**Recommendation**

Petitioner's application for writ of habeas corpus should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the

magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 13, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE